THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| GABRIEL OMAR GIGENA,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD C. NIELSON, JR.; and UNITED STATES OF AMERICA,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>• **OVERRULING [15] PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>• **ADOPTING [13] REPORT AND RECOMMENDATION**<br><br>• **DISMISSING CASE WITHOUT PREJUDICE**<br><br>Case No. 2:24-cv-805<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Magistrate Judge Daphne A. Oberg's Report and Recommendation to dismiss Plaintiff Gabriel Gigena's ("Mr. Gigena") action without prejudice.[1] Mr. Gigena filed a timely objection.[2] For the reasons stated below, the court overrules Mr. Gigena's objection, adopts the Report and Recommendation, and dismisses the action without prejudice.

## BACKGROUND

Mr. Gigena filed his Petition for Writ of Mandamus (the "Petition") on October 24, 2024.[3] In the Petition, Mr. Gigena alleges that his speedy trial rights were violated in a criminal case brought against him in this district and requests a writ of mandamus requiring that the

---

[1] Report and Recommendation to Dismiss Action Without Prejudice for Lack of Jurisdiction ("R&R"), ECF No. 13, filed April 21, 2025.
[2] Objection to Honorable Magistrate Judge Daphne A. Oberg's Findings and Recommendations ("Obj."), ECF No. 15, filed May 4, 2025.
[3] Petition for Writ of Mandamus, ECF No. 1, filed Oct. 24, 2024.

1

criminal case be dismissed.[4] Mr. Gigena states in his petition that the court has jurisdiction under 28 U.S.C. § 1361.[5]

The magistrate judge issued a Report and Recommendation finding that the court lacks jurisdiction to issue a writ of mandamus and recommending that the action be dismissed without prejudice on April 21, 2025.[6] Mr. Gigena filed his objection to the Report and Recommendation on May 4, 2025.[7]

## STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a timely and proper objection. To trigger this de novo review, an objection must adequately specify the factual and legal issues in dispute.[8] "[G]eneral objection[s] [are] insufficient" to preserve the issue for appellate review.[9] This court "reviews unobjected-to portions of a report and recommendation for clear error."[10]

Because Mr. Gigena is proceeding pro se, his filings are "to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[11] However, the court will not "construct a legal theory on [] plaintiff's behalf."[12]

---

[4] *Id.* at 2. Since the Petition was filed, a jury has found Mr. Gigena guilty on the charges brought against him in this criminal case. *See United States v. Gigena*, No. 2:24-cr-00228, ECF No. 79., filed April 16, 2025.
[5] *Id.* at 1.
[6] R&R 4.
[7] Obj. 1.
[8] *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).
[9] *Moore v. Astrue*, 491 F. App'x 921, 923 (10th Cir. 2012) (unpublished) (citing *2121 E. 30th St.*, 73 F.3d at 1060).
[10] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).
[12] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir.1997)).

## DISCUSSION

28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[13] The Tenth Circuit interpreted this statute in *Trackwell v. U.S. Government*, holding that "28 U.S.C. § 1361 does not apply to courts or to court clerks performing judicial functions."[14] Courts throughout the Tenth Circuit have consistently applied *Trackwell* to find that federal courts do not have the authority to issue a writ of mandamus "directed at federal courts or judicial officers."[15]

Mr. Gigena generally objects to this well-established law, arguing that *Trackwell* "does not comport with the US Constitution" and is "not in conformity with the US Supreme Court's precedence."[16] But this court cannot disregard or overrule binding Tenth Circuit precedent.[17] Mr. Gigena has not provided case law indicating that *Trackwell* has been overruled by the Tenth Circuit or the Supreme Court. Accordingly, his objection to the magistrate judge following this precedent necessarily is overruled.

Mr. Gigena offers no other specific objections to the Report and Recommendation. Finding no clear error in the magistrate's reasoning, the court hereby adopts the Report and Recommendation in full. The court lacks jurisdiction over Mr. Gigena's Petition, therefore, his case is dismissed without prejudice.

---

[13] 28 U.S.C. § 1361.
[14] 472 F.3d 1242, 1243 (10th Cir. 2007).
[15] *See, e.g., Smith v. Krieger*, 643 F. Supp. 2d 1274, 1281 (D. Colo. 2009) (citations omitted) ("Thus, given *Trackwell*'s reasoning, the Court finds that § 1361 cannot be invoked to confer jurisdiction in the district court over mandamus actions directed at federal courts or judicial officers.") (providing history of writ).
[16] Obj. 14–15.
[17] *See United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit").

## ORDER

For these reasons, the court OVERRULES Plaintiff's Objection to Magistrate Judge's Report and Recommendation.[18] The Report and Recommendation is ADOPTED.[19] The court DISMISSES without prejudice Plaintiff's action.[20]

Signed May 22, 2025.

BY THE COURT

David Barlow
United States District Judge

---

[18] ECF No. 15.
[19] ECF No. 14.
[20] ECF No. 1.